UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE E. SIMPSON, | No. 2:15-cv-1984-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

1  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
2  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of
3  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
4  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

5       Plaintiff's complaint is difficult to decipher.  ECF No. 1.  She alleges that the Social
6  Security Administration ("SSA") informed her that an adult male came into the SSA's office with
7  her disabled daughter and stated that he was the father of plaintiff's daughter and that plaintiff
8  was dead.  *Id.* at 1.  *Id.*  She further alleges that she has not seen her daughter, who suffers from a
9  mental disorder, since her disappearance in August 2012.  She requests that the adult male be
10 arrested and states that she "would appreciate if this matter can be solved so we can go home!
11 back to Orange County."  *Id.* at 2.

12      While plaintiff alleges facts which, if taken as true, are understandably upsetting, she has
13 not stated a claim for relief.  Nor does it appear from her complaint that this court has subject
14 matter jurisdiction over her intended claim(s), although any such claim is not clear.  Thus, it is not
15 clear how the facts in the complaint would give rise to a federal question jurisdiction.[2]  Although
16 the SSA is the only named defendant, the allegations in the complaint suggest that she intends to
17 proceed against the individual purporting to be the father of her daughter, and not the SSA.  The
18 concern raised in her complaint is the alleged disappearance of her child, who was apparently
19 taken by an unknown assailant.  The only relief sought is her daughter's return and the
20 apprehension of the individual that took her, a remedy that must be directed to or pursued through
21 appropriate law enforcement agencies.  ECF No. 1 at 2-3.  No relief is sought against the SSA.

22      For these reasons, the complaint must be dismissed.  Plaintiffs will be granted leave to file
23 an amended complaint, if she can allege a cognizable legal theory against a proper defendant and
24 sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-
25 27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend
26 to correct any deficiency in their complaints).  Should plaintiff choose to file an amended

---

28     [2] Neither is any basis alleged for diversity jurisdiction.  The complaint does not allege diversity of the parties or that the amount in controversy exceeds $75,000.

1 complaint, the amended complaint shall clearly set forth the claims and allegations against each
2 defendant.  Any amended complaint must cure the deficiencies identified above.  It must also
3 contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

4 Any amended complaint must be written or typed so that it so that it is complete in itself
5 without reference to any earlier filed complaint.  L.R. 220.  This is because an amended
6 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
7 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
8 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
9 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
10 1967)).

11 Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
12 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
13 *See* E.D. Cal. L.R. 110.

14 Accordingly, IT IS HEREBY ORDERED that:

15 1. Plaintiff's request to proceed *in form pauperi*s (ECF No. 2) is granted.

16 2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

17 3. Plaintiff's is granted thirty days from the date of service of this order to file an
18 amended complaint.  The amended complaint must bear the docket number assigned to this case
19 and be titled "First Amended Complaint."  Failure to timely file an amended complaint in
20 accordance with this order will result in a recommendation this action be dismissed.

21 DATED: April 5, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE